UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **EDWARD ZENO (#542792)** | **DOCKET NO. 6:18-cv-00243** |
| | **SECTION P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **SANDY MCCAIN** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pro se petitioner Edward Zeno (DOC #542792) filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 26, 2018. He is currently incarcerated at the Raymond Laborde Correctional Center, Cottonport, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

*Procedural History*

On March 7, 2010, Petitioner entered a plea of guilty, and was convicted of one count of manslaughter, a violation of La. R.S. 14:31, and one count of unauthorized use of a movable, a violation of La. R.S. 14:68.4, in the Fifteenth Judicial District Court, Lafayette Parish. [Rec. Doc. 1] He was sentenced to 50 years of imprisonment. Petitioner did not file a direct appeal. *Id.*

On an unknown date, in 2015 or early 2016, he filed an Application for Post-Conviction Relief in the Fifteenth Judicial District Court. [Rec. Doc. 1-3, pp. 16-19] On February 12, 2016, the trial court denied petitioner's application. [See Rec. Doc. 1-3] On or

about March 15, 2016, petitioner filed a Motion to Reconsider and/or Notice of Intention. *Id.* On an unknown date, he filed an application for supervisory writs in the Third Circuit Court of Appeal, under Docket Number 16-00296-KH, which was denied. Finally, petitioner applied for supervisory and/or remedial writs in the Louisiana Supreme Court. On December 5, 2017, under Docket Number 2016-KH-1611, that court denied petitioner's application as it was "not timely filed in the district court." [Rec. Doc. 1-3, pp. 8-9; see also *State ex. rel. Edward Zeno v. State of Louisiana*, 2016-1611 (La. 12/5/17), 231 So.3d 31.

The petition for habeas corpus before this Court raises the following issues: (1) ineffective assistance of counsel; (2) counsel should have filed an appeal; and (3) innocence. [Rec. Doc. 1, p. 2]

*Law and Analysis*

*1. Limitations*

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time

during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, Petitioner's conviction became final on June 16, 2010, upon the expiration of the 30 day period for filing a motion for appeal provided by La. Code Crim. Proc. art. 914(B). Under 28 U.S.C. § 2244(d)(1) petitioner had one year, or until June 16, 2011, within which to file his federal habeas petition. It is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

Petitioner was unable to toll the AEDPA's limitations period because by the time he launched his first collateral attack on his conviction in 2015 or 2016, the limitations period had already expired and could not thereafter be revived. *See Villegas,* 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA

**2. Equitable Tolling**

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991).

Petitioner has alleged no circumstances herein extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting

4

his rights.

### 3. *Actual Innocence*

Petitioner contends that the AEDPA limitations should not apply because he is actually innocent. Under *Murray v. Carrier*, a petitioner can overcome a procedural bar, such as the statute of limitations, if he or she can demonstrate "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. 478, 496 (1986). In order to urge this exception, the petitioner must supplement his or her claim with a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). This "requires a showing by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997) (internal quotation omitted). In the instant case, Petitioner does not make a colorable showing of actual innocence.

There is simply no basis, on this record, for consideration of Petitioner's claims based on his allegations of "actual innocence." In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that actual innocence may provide a "gateway" for allowing consideration of otherwise time-barred claims. *Id.* at 1936. However, it is not the mere allegation of actual innocence that will open such a "gateway." Instead, a claimant seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Id.* In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the habeas

5

petitioner convinces the court that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 1933.

"The Supreme Court has made clear that the term 'actual innocence' means factual, as opposed to legal, innocence—'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey v. Zant*, 499 U.S. 467 (1991), means that the person did not commit the crime." *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) (footnotes omitted). Petitioner has no proof of actual innocence, and his guilty plea creates a situation where he is arguably not innocent. In fact, Petitioner merely makes the assertion that he is "bringing a gateway claim" of "actual innocence," yet provides <u>no evidence</u> to bolster this claim. [Rec. Doc. 1-2, pp.2-3] Accordingly, his must be dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d).

### *Conclusion and Recommendation*

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In chambers in Lafayette, Louisiana, April 11, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE